

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2003

# USA v. Strube

Precedential or Non-Precedential: Non-Precedential

Docket 01-3526

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Strube" (2003). *2003 Decisions.* Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3526
_____

UNITED STATES OF AMERICA

v.

WILLIAM MICHAEL STRUBE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 97 Cr. 108-2)
District Judge: The Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2003

Before: ROTH, BARRY and FUENTES, Circuit Judges

(Opinion Filed: May 30, 2003)

_____

FUENTES, <u>Circuit Judge</u>.

The matter before the Court is an appeal of the District Court's denial of a motion to vacate sentence pursuant to 28 U.S.C. § 2255. After a trial by jury, the appellant, William Michael Strube ("Strube") was convicted of three counts of conspiring to distribute approximately 486 kilograms of cocaine, possession with intent to deliver approximately 150 kilograms, and conspiracy to commit money laundering. The District Court sentenced Strube to 30 years of imprisonment, to be followed by 5 years of supervised release.

At his trial, the crux of Strube's defense was that a co-conspirator, Richard Lyman Pitt ("Pitt"), had represented to him that Pitt had the express authorization of the United States Customs Service to undertake a reverse sting operation on the Cali Cartel in Colombia. Pitt was a documented confidential informant for the Customs Service. In connection with that purported operation, Pitt enlisted Strube as ship captain to transport large quantities of cocaine. The Government, however, introduced evidence that defendants also transported large quantities of cocaine from Los Angeles to New York, without any approval from Government agents.

Based on these facts, Strube's attorney, in consultation with Pitt's attorney and Strube himself, decided to pursue the defenses of "apparent public authority" and mistake

2

of fact. In essence, Strube attempted to argue that he reasonably believed "that his action was condoned by the [Governmental] agency which he believed had authorized him to engage in the criminal conduct." United States v. Pitt, 193 F.3d 751, 756 (3d Cir. 1999). In addition, Strube contended that his beliefs about the official authorization of his conduct, even if mistaken, negated his intent to violate the drug trafficking laws.

After the close of evidence, the District Court refused to charge the jury on the requested instruction relating to apparent public authority, although a proper charge was given as to the mistake of fact defense. The Court found that the record failed to demonstrate any evidence that the Government officials with whom Pitt was in communication actually had the authority to approve of the defendants' participation in the charged conduct. After he was found guilty on the three counts noted above, Strube appealed the verdict to this Court. Thus, in Strube's direct appeal, we previously affirmed the judgment of the District Court, holding that the defense of public authority only applies "to those situations where the government agent in fact had the authority to empower the defendant to perform the acts in question." Pitt, 193 F.3d at 758.

In his § 2255 motion, Strube contended that he was afforded ineffective assistance of counsel based on his attorney's misguided reliance on the defense of apparent public authority. In addition, Strube argued that he was prejudiced because his attorney's choice to argue apparent public authority precluded him from pursuing other allegedly meritorious defenses, such as entrapment by estoppel and outrageous conduct by the

3

government.  We agree with the District Court's decision to deny Strube's motion.

The record reflects that Strube's attorney advised him of available defenses, discussed them with Pitt's attorneys, researched the various defenses, consulted Strube about the different strategies, and ultimately decided to pursue the apparent public authority defense, which involves undeniably complex analyses of fact and law.  In other words, counsel made a reasoned, strategic decision which cannot be construed as so deficient that it undermined the proper functioning of the adversary process.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).  Furthermore, Strube cannot establish prejudice when this Court has already determined that his alternate defenses-- entrapment by estoppel and outrageous conduct by the Government--would not have been available to him.  See Pitt, 193 F.3d at 758-62.

For the reasons set forth above, we will affirm the judgment of the District Court.

_____

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

By the Court,

/s/Julio M. Fuentes

Circuit Judge